UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VESPER CHECKLEY,     Civil Action No.:

                Plaintiff,

    -against-

                              **CLASS COMPLAINT**

FINANCIAL CREDIT SERVICE, INC. d/b/a ASSET
RECOVERY ASSOCIATES, INC.,

                              **DEMAND FOR JURY TRIAL**

                Defendant.
------------------------------------------------------------------X

    Plaintiff Vesper Checkley ("<u>Plaintiff</u>"), by and through his attorneys, the Law Office of Alan J. Sasson, P.C., as and for his Complaint against FINANCIAL CREDIT SERVICE, INC. d/b/a ASSET RECOVERY ASSOCIATES, INC. ("ARA"), also hereinafter referred to as ("<u>Defendant</u>"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and those similarly situated for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 1530 East 19th Street, Brooklyn, New York 11230.

3. Defendant FINANCIAL CREDIT SERVICE, INC. is an Illinois corporation, which does business under the assumed name of ASSET RECOVERY ASSOCIATES, INC, also known as ARA, Inc.

4. ARA, Inc. is engaged in the business of debt collecting, and has an office located at 1919 S Highland Ave, Suite 225A, Lombard, IL 60148.

5. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

6. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the

FDCPA.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

12. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal

means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

16. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

20. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

21. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Upon information and belief, Defendant, on behalf of itself or a third-party, began collecting an alleged consumer debt from the Plaintiff.

24. Upon information and belief, and better known to the Defendant, the Defendant mailed a "Collection Letter" on or about July 31, 2013 to the Plaintiff.

25. The "Collection Letter" reads as follows:

PLEASE RETURN TOP PORTION OF THIS NOTICE WITH PAYMENT

This letter is to inform you that ARA Inc. has recently obtained and now is the legal owner of your Chase Manhattan account. All obligations regarding this (illegible) interest and or fees have been transferred to this office. As of today, you owe $6,328.40. which is now due in full.

Your financial and credit history are currently being reviewed by our finalization department to determine our next course of action. Should this debt go unpaid, our intention is to seek whatever remedies are available. Please remit a check for the amount of $6,328.40 payable to ARA Inc. along with the payment slip above in the self addressed envelope provided. Within 30 days of full payment, you will receive a paid in full letter for your permanent records.

If you are unable to pay the entire balance in full, please call Mark Farmer at ext 3402 Monday – Friday 8:00 am – 5:00 pm central to discuss acceptable payment arrangements and answer any questions you may have. Please retain the balance of this letter for your records.

Sincerely,

Mark Farmer.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from receiving this notice, that you dispute the validity of this debt or any portion

thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in writing within 30 days after receiving it, this office will provide you with the name and address of the original creditor, if different form the current creditor.

26. The Defendant's Collection Letter, by including language requesting payment and containing implicit threats of litigation, violated the FDCPA and specifically 15 U.S.C. § 1692g, in that such language overshadowed the thirty day notice required by that provision.

27. Defendant's request for payment in the July 31 letter, together with its inclusion of a payment slip and its statement that the balance is now due in full, caused the Plaintiff, and would have caused the least sophisticated consumer, to reasonably believe that payment of the balance was due immediately, thereby overshadowing the requisite notice set forth in 15 U.S.C. § 1692g.  Furthermore, its statement "your financial and credit history are currently being reviewed by our finalization department to determine our next course of action.  Should this debt go unpaid, our intention is to seek whatever remedies are available" is a thinly veiled threat of litigation, and has the reasonable consequence of causing the least sophisticated consumer to fear the consequences of such threat.

28. Upon information and belief, any of the Plaintiff's debt which is owned by the Defendant is past the six-year statute of limitations applicable to debt in the State of New York.

29. The Defendant's letter thus violates the FDCPA, in that it fails to inform the debtor that the statute of limitations to collect on the subject debt had expired.

30. Defendant's statement that "Your financial and credit history are currently being

reviewed by our finalization department to determine our next course of action. Should this debt go unpaid, our intention is to seek whatever remedies are available" is deceptive, misleading and threatens action which the Defendant could not actually take, namely the commencement of legal proceedings, being that the statute of limitations had already expired.

**FIRST CAUSE OF ACTION**
*(Violations of the FDCPA)*

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. 15 USC §1692e – preface and e(10) prohibit the use of any false, deceptive, and misleading representations in connection with the collection of a debt.

33. The Defendant, therefore, violated 15 USC §1692e – preface and e(10) as its "Collection Letter" falsely and deceptively misleads the reader into believing that immediate payment and action is required, although the FDCPA actually provides for a thirty day notice period in which the debtor may first seek verification of the debt.

34. 15 U.S.C. § 1692g requires debt collectors to inform debtors that they may request verification of the debt within thirty days of receipt of the Notice. The Second Circuit has held that "When a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998). The Savino court specifically held that the FDCPA is violated where a debt collector requests payment in its initial letter, without also explaining that its demand did not override the consumer's rights under Section 1962g to seek validation of the debt.

35. Defendant violated the FDCPA, and specifically 15 U.S.C. § 1692g, by including language that overshadowed the thirty day notice required by that statute, and which would make the least sophisticated consumer uncertain of his rights, by not informing the debtor that the demand for payment did not affect his rights under the validation notice.

36. Defendant further violated the FDCPA, and specifically 15 USC 1692(e) and (f), in making a vague threat to resort to litigation, which the Defendant could never do being that the statute of limitations governing the subject debt has expired.

37. In impliedly threatening action it could not legally take, the Defendant committed a deceptive and misleading action prohibited by the FDCPA.

38. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

39. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(a)(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     Brooklyn, New York
              August 22, 2013

                                Respectfully submitted,

                                By: /s/ Alan J. Sasson
                                Alan J. Sasson, Esq. (AS8452)
                                LAW OFFICE OF ALAN J. SASSON, P.C.
                                1669 East 12 Street, 2nd Floor
                                Brooklyn, New York 11229
                                Phone:    (718) 339-0856
                                Facsimile: (347) 244-7178

                                *Attorney for the Plaintiff VESPER CHECKLEY*